Mr. Curt Dawson Employment Services Manager Human Resources Department City of Little Rock 500 W. Markham, Suite 130W Little Rock, Arkansas 72201-1428
Dear Mr. Dawson:
I am writing in response to your request, made pursuant to A.C.A. § 25-19-105(c)(3)(B), for an opinion on whether your decision to release employment applications and job resumes for the position of "Homeless Services Coordinator" with "exempted privacy information" redacted, is consistent with the Arkansas Freedom of Information Act ("FOIA"), codified at A.C.A. §§25-19-101 to -109 (Repl. 2002 and Supp. 2005). Specifically, you note that the City of Little Rock is accepting applications and resumes for the position of Homeless Services Coordinator. You note that an FOIA request has been made for the "release of all employment applications and resumes for this position as soon as possible after the application deadline," which is Monday, August 28, 2006. You note that the job recruitment announcement states that "Application documents, once submitted, will be subject to disclosure as a public record under the Arkansas Freedom of Information Act." You state that it is your "interpretation that the employment applications and resumes for this position are `public records' and must be released with exempted privacy information redacted." You also state that it is your "interpretation of the statute that there is no requirement to notify each applicant that they have the right to seek an Attorney General's opinion before releasing the applications and resumes, since it is a `public record,' not a personnel record." You ask that I "please advise whether [your] decisions in this matter are consistent with the statute."
RESPONSE
Although I have not reviewed the actual records in question, and am not certain which "privacy information" you intend to redact, in my opinion, as a general matter, your decision to release job applications and resumes with required redactions is consistent with the FOIA. I am not authorized to address your remaining question regarding any required notice, because it is outside the scope of my statutory duty under A.C.A. §25-19-105(c)(3)(B).
The FOIA provides for the disclosure upon request of certain "public records," which the Arkansas Code defines as follows:
 "Public records" means writings, recorded sounds, films, tapes, electronic or computer-based information, or data compilations in any medium, required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance of official functions which are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds. All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records.
A.C.A. § 25-19-103(5)(A) (Supp. 2005). Given that the documents are kept in the course of city business, I believe documents containing the requested information clearly qualify as "public records" under this definition.
As I recently explained by quoting the words of one of my predecessors:
 If records fit within the definition of "public records". . ., they are open to public inspection and copying under the FOIA except to the extent they are covered by a specific exemption in that Act or some other pertinent law.
Op. Att'y Gen. 2005-057 at 2, quoting Op. Att'y Gen. No.1999-305.
My predecessors and I have opined on numerous occasions that job applications, including resumes, are "public records" subject to inspection and photocopying, provided that all exempt information has first been deleted. See, e.g., Ark. Ops. Att'y Gen. Nos. 2002-068; 2001-368; 2001-091; 2001-080; 99-013; 98-102; 97-042; 96-190; 95-291; 95-113; 94-187; 93-421; 93-263; 93-113 and 90-248. Among the categories of exempt information to be deleted are social security numbers, see Ark. Ops. Att'y Gen. Nos. 2001-203 and 99-011 (citing 5 U.S.C. § 552a, the "Federal Privacy Act"), medical information and scholastic transcripts. See A.C.A. § 25-19-105(b)(2).
With regard to job applications, I stated in Op. Att'y. Gen.2005-131 that:
 Previous Attorney General Opinions reflect that job applications are generally subject to inspection and copying with any exempt information deleted. See, e.g., Ops. Att'y Gen. 2005-004; 2004-314; 2001-080; 98-102; 97-042; 96-190; 95-291; 95-113; 94-187; 93-421; 93-263; 93-114 and 90-248.
As I noted in Op. Att'y Gen. 2005-004, quoting Op. Att'y Gen.96-190:
 . . . this rule applies whether the applications are of successful or unsuccessful applicants. Id. at 2 (stating that "[t]his office has consistently opined that job applications, whether of successful or unsuccessful applicants, are generally subject to disclosure under the act. See Att'y Gen. Ops. 95-291; 95-113; 93-263; 93-114; 90-248; 88-133; 87-189; 87-154; 87-108; and 87-70. It has been opined that, with regard to unsuccessful applicants for employment, there is no applicable exception, and the applications must therefore be disclosed. [Footnote omitted.] See Op. Att'y Gen. 1995-291. It has also been opined, however, that with regard to successful applicants . . . the applications are subject to inspection and copying except to the extent that their release would constitute a "clearly unwarranted invasion of privacy." See A.C.A. § 25-19-105(b)(10) and Ops. Att'y Gen. 1995-113, 94-187 and 94-178").
Id. at fn. 1, quoting Op. Att'y Gen. 96-190.[1]
With regard to resumes, I stated in Op. Att'y Gen. 2003-325 as follows:
 This office has consistently taken the position that resumes are not exempt from disclosure. See, e.g., Ops. Att'y Gen. Nos. 2002-068; 2001-368; 2001-091; 2001-080; 99-013; 98-102; 97-042; 96-190; 95-291; 95-113; 94-187; 93-421; 93-263; 93-113 and 90-248. . . . [T]hese records contain only information reflecting the employees" educational and professional experience and qualifications. [footnote omitted] The public clearly has an interest in knowing such information about public employees. Moreover, such information obviously reflects the workings of government in that it is directly related to hiring practices.
Id. at 2-3.
One of my predecessor has also noted, with respect to resumes, that:
 I, and my predecessors, have consistently opined that resumes are generally open to public inspection and copying with certain exempt information deleted. See Ops. Att'y Gen. 2001-091; 2001-080; 99-013 and opinions cited therein.
Op. Att'y Gen. 2001-368 at 2.
In my opinion, therefore, although I have not been provided with any information as to the specific redactions at issue, your decision to release job applications and resumes, with any required redactions, is generally consistent with the FOIA.
With regard to your remaining question concerning any notice requirements for job applicants, the applicable statute governing my duty in this regard does not authorize me to respond. See A.C.A. § 25-19-105(c)(3)(B) (Supp. 2005). As I recently stated in Op. Att'y. Gen. 2006-158, "my duty to issue an opinion under A.C.A. § 25-19-105(c)(3)(B) . . . is limited to reviewing the custodian's decision as to `whether the records are exempt from disclosure.' A.C.A. § 25-19-105(c)(3)(A) . . ." and "I am authorized only to review your determination regarding what documents are subject to release. . . ." I must therefore decline to address your question regarding any required notice. You should consult with local counsel for any needed advice in this regard.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:ECW/cyh
[1] With regard to the distinction between successful and unsuccessful applicants, and whether the "personnel records" exemption is applicable thereto, I should note that I recently indicated in Op. Att'y. Gen. 2005-086 that I would be reviewing at some point in the future the appropriate status of such records. I noted that there may be instances in which the application of the distinction between employees and non-employees "would result in inequities," but that the situation at issue in Op. Att'y Gen. 2005-086 did not appear to lead to any such inequities. I therefore decided in that opinion to "defer from speculating in the hope that legislative or judicial clarification might be forthcoming." As one of my predecessors has stated with regard to job applications, however, "[a]s a practical matter, I believe the FOIA will dictate disclosure regardless of which standard of privacy protection applies in this instance." See Op. Att'y Gen. 2002-068, quoting John Watkins, The Arkansas Freedom of Information Act (3rd ed. m m Press 1998 at 133-134) as stating that: "Disclosure of the applications of successful candidates for employment will generally not constitute a clearly unwarranted invasion of personal privacy, although particular information might be covered by other exemptions. The applications of unsuccessful candidates will obviously be open to the public if the personnel exemption is inapplicable, but some information may be protected by other exemptions or, in unusual cases, by the constitutional right to privacy."